J-S36040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DEAN CAESAR | : | |
| | : | |
| Appellant | : | No. 649 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 5, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001831-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DEAN CAESAR | : | |
| | : | |
| Appellant | : | No. 650 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 5, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001851-2018

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 06, 2022**

Appellant, Robert Dean Caesar, appeals from the judgment of sentence

imposed following his conviction of multiple counts of statutory sexual assault,

involuntary deviate sexual intercourse, corruption of minors, endangering the

---

[*] Retired Senior Judge assigned to the Superior Court.

welfare of children, indecent assault, and unlawful contact with a minor, and a single count of sexual abuse of children.[1]  We affirm.

Appellant was arrested in 2018 and charged with numerous sexual crimes arising out of inappropriate sexual contact with three minor boys:  two Amish brothers, M.K. and S.K., and an unrelated boy, M.R.  Although Appellant was convicted of charges related to each of the three minor victims, in this appeal, Appellant only challenges evidentiary rulings with respect to the Commonwealth's proof concerning his offenses against the two brothers, M.K. and S.K.

The evidence at trial showed that Appellant's abuse of the brothers began when M.K., the older of the two, was approximately 14 and he began going to Appellant's house on a monthly basis to perform yard work.  After M.K. would finish the yard work, Appellant would invite M.K. into his home and ask the boy to disrobe and place the boy's clothes into the washing machine.  The two then went into Appellant's bedroom to watch movies on Appellant's television.  On various of the visits, Appellant touched M.K.'s penis and placed M.K.'s hand on his own penis while the two lay on the bed watching movies.  On one occasion, Appellant also made oral contact with M.K.'s penis. Appellant sometimes provided M.K. with alcohol and showed him pornography on the computer during the visits.  In addition, on certain occasions after M.K.

_____

[1]  18 Pa.C.S. §§ 3122.1(b), 3123(a)(7), 3126(a)(7)-(8), 4304(a)(1), 6301(a)(1)(i)-(ii), 6312(b), 6318(a)(1).

had disrobed, Appellant would provide him with underwear to wear so that he was not entirely naked. M.K. continued visiting Appellant until he was 15 years old when his parents discovered that Appellant had supplied him with moonshine.

S.K. described a similar pattern of abuse in his testimony, involving Appellant asking S.K. to perform yardwork on a weekly basis and inviting the boy inside afterward to watch movies and drink alcohol, while Appellant performed sex acts on S.K. S.K.'s visits to Appellant's house began when he was approximately 12 years old and on the first few occasions, he went with M.K. although no abuse occurred during those visits. After M.K. was forbidden from seeing Appellant, S.K. continued to work at Appellant's house in secret from his parents and he stayed in contact with Appellant through a cellular phone that Appellant provided. Like M.K., S.K. also testified that Appellant provided him with underwear to wear while his clothes were being washed. Appellant also asked S.K. if he could keep some of S.K.'s underwear. S.K.'s visits to Appellant's house ended when the boy was 14 when M.K. reported the abuse to a member of their community.

On August 28, 2020, at the conclusion of a five-day jury trial, Appellant was found guilty of three counts of statutory sexual assault, three counts of involuntary deviate sexual intercourse, three counts of corruption of minors, three counts of endangering the welfare of children, seven counts of indecent assault, three counts of unlawful contact with a minor, and one count of sexual

abuse of children. On March 5, 2021, the trial court sentenced Appellant to an aggregate sentence of 22 years to 74 years' incarceration.

Appellant filed timely notices of appeal on March 29, 2021.[2] Before this Court, Appellant raises the following issues:

> 1) Did the trial court err in limiting counsel's cross-examination of the alleged victims regarding their experience and exposure to investigations of child sexual assault, particularly their experience in connection with allegations against their father which resulted in charges and a conviction of father's abuse of the alleged victims' sister?
>
> 2) Did the trial court err in allowing testimony regarding [Appellant's] eBay purchases and eBay communications [] as the eBay material was not related to the charged offenses and were calculated to prejudice the jury?
>
> 3) Did the combination of the above errors deprive [Appellant] of a fair trial requiring the grant of a new trial?

Appellant's Brief at 3 (suggested answers omitted).

Appellant's issues concern the trial court's evidentiary rulings, and our review of these issues is guided by the following:

> The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion. Our standard of review of a challenge to an evidentiary ruling is therefore limited. Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not

---

[2] Appellant filed a separate notice of appeal at each trial court docket, as required by Pa.R.A.P. 341. On May 13, 2021, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.

Appellant filed concise statements of errors complained of on appeal on April 19, 2021. The trial court filed its opinion on May 18, 2021.

applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Williams***, 241 A.3d 1094, 1101 (Pa. Super. 2020) (citation omitted); ***see also Commonwealth v. Harrington***, 262 A.3d 639, 646 (Pa. Super. 2021) (this Court applies an abuse of discretion standard when reviewing the trial court's denial of a motion *in limine*).

"Evidence is admissible if it is relevant—that is, if it tends to establish a material fact, makes a fact at issue more or less probable, or supports a reasonable inference supporting a material fact—and its probative value outweighs the likelihood of unfair prejudice." ***Commonwealth v. Clemons***, 200 A.3d 441, 474 (Pa. 2019) (citation omitted); ***see also*** Pa.R.E. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); Pa.R.E. 402 ("Evidence that is not relevant is not admissible."). "Evidence will not be prohibited merely because it is harmful to the defendant. [E]xclusion is limited to evidence so prejudicial that it would inflame the jury to make a decision based on something other than the legal propositions relevant to the case." ***Commonwealth v. Gad***, 190 A.3d 600, 605 (Pa. Super. 2018) (citation omitted). Further, "[a] trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration." ***Commonwealth v. Danzey***, 210 A.3d 333, 342 (Pa. Super. 2019) (citation omitted).

In his first issue, Appellant argues that the trial court erred and abused its discretion by limiting his ability to cross-examine victims M.K. and S.K. regarding the criminal prosecution of their father ("Father") for sexual assault perpetrated on the boys' sisters. Appellant asserts that the trial court's decision hindered "the defense's ability to properly present its theory of the case to the jury," and that M.K. and S.K. "had not only the motivation (i.e., the defiance of an authority figure) but familiarity with the details of sexual assault investigations would allow the two to manipulate law enforcement officials to target" Appellant. Appellant's Brief at 15. Appellant contends that, by not permitting cross-examination on the topic of Father's sexual assault investigation and conviction, the trial court violated his due process right and his right to confront the witnesses against him and also infringed on the jury's exclusive authority to weight the victims' credibility.

Our review of the record in this matter reveals that the trial court did not entirely foreclose any mention of Father's sexual assault case at trial. Pennsylvania State Police Trooper Alicyn March Stuart, who conducted a forensic interview of the third victim in this case, M.R., testified on direct that she was assigned to investigate Father's sexual abuse of his daughters in 2017, that the original report of abuse emanated from M.K., and that Father had removed himself from the family home by the time that Appellant's abuse of M.K. and S.K. came to light. N.T., 8/26/20, at 235-36. Defense counsel cross-examined Trooper Stuart concerning her investigation, eliciting testimony that M.K. was not interviewed by law enforcement in connection

- 6 -

with his Father's case. *Id.* at 239-41. The trial court, however, sustained the Commonwealth's relevance objections when the questioning delved into the facts of Father's case, such as which of M.K. and S.K.'s siblings were interviewed and the details of the guilty plea. *Id.* Appellant was also allowed to cross-examine Corporal Stefano Gallina, the lead investigator in the instant case, regarding his familiarity with the investigation of Father and whether Corporal Gallina asked M.K. or S.K. any questions about their Father. N.T., 8/27/20, at 47-50.

During Appellant's cross-examination of M.K., the following exchange occurred:

Q     Okay. [M.K.], you said that you were in foster care. When did that happen?

. . .

A     About a year and a half ago. It would be this coming Christmas two years ago.

Q     Okay. And that was when you were first separated from your family, or had you been separated before that?

A     I had been separated before that.

Q     Okay. And it was actually back in 2018 that that happened?

A     Yes.

Q     Okay. And was that relating to some charges against your father?

A     Yes.

Q     Okay. And you and your siblings were removed from the home?

A     Yes.

. . .

Q      Were the charges against your father of a sexual nature?

A      Yes.

Q      Okay.  Were the victims of that case siblings of yours?

A      That is correct.

Q      Okay.  And you know that your father pled guilty to those offenses?

A      I believe he did.

Q      Okay.  And is your mother still living with your father?

       [COMMONWEALTH]:  Objection to relevance.

       THE COURT:  Sustained.

. . .

Q      When you had spoken to Trooper Gallina in January of 2018, it had only been about two weeks after that that your father was arrested; is that correct?

       [COMMONWEALTH]:  Objection to relevance.

       THE COURT:  The objection is sustained.

N.T., 8/26/20, at 67-68.  Appellant did not ask S.K. any questions concerning Father on cross-examination.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained its reasons for limiting Appellant's cross-examination of the victims concerning Father's sexual assault case as follows:

The fact that [Father] was arrested and pled guilty to sexually assaulting his own daughters is irrelevant to whether [Appellant] sexually assaulted M.K. and S.K.  Testimony about [Father's] criminal conviction would not make the allegations against [Appellant] more or less probable than they would be without the evidence.  The facts regarding the circumstances of [Father's] guilty plea and sentence are of no consequence in determining

whether [Appellant] committed the crimes charged. Neither M.K. nor S.K. were questioned by law enforcement when [F]ather was being investigated. Corporal Gallina, the affiant in this matter, was not involved with [Father's] case and knew that neither M.K. nor S.K. were interviewed with regard to [F]ather's criminal charges; therefore, he did not question them about [F]ather.

[Appellant] argued during trial that M.K. alleged [Appellant] sexually assaulted him because his parents caught him drinking alcohol and M.K. did not want to be punished by his parents. [Appellant] was offered ample opportunity to conduct effective cross-examination of the Commonwealth's witnesses regarding this defense. The Court permitted [Appellant] to cross-examine M.K. regarding his consumption of alcohol and whether he was punished by his parents for consuming alcohol. [*See* N.T., 8/26/20, at 48-51, 59-61.] Any evidence regarding [Father's] plea and sentence for sexual assault is irrelevant to whether [Appellant] committed the instant crimes and is therefore inadmissible.

Trial Court Opinion, 5/18/21, at 4-5 (record citations omitted).

We discern no abuse of discretion in the trial court's determination that Father's criminal prosecution was not relevant to the Commonwealth's case against Appellant. Appellant was not prevented from asking M.K. general questions concerning the allegations against his Father, but it was only when those questions turned to the details of Father's case that the Commonwealth objected and the trial court sustained the objections. As the trial court aptly explained, evidence related to Father's admission that he abused his daughters does not tend to make it more or less probable that Appellant abused M.K. and S.K.

Moreover, the trial court's rulings did not infringe on Appellant's right to cross-examine his accusers. While Appellant contends that the trial court's rulings prevented him from pursuing his defense theory that M.K. and S.K.

- 9 -

concocted false allegations about Appellant based upon their awareness of the mechanisms of sexual assault allegations, Appellant did not even attempt to ask the victims whether they had reported Father's abuse to authorities or were interviewed in Father's case. Nor was Appellant prevented from asking the brothers questions regarding whether their allegations about Appellant were in fact based upon negative feelings towards Father. Accordingly, Appellant is entitled to no relief on his first issue.

In his second issue, Appellant challenges the trial court's denial of his January 28, 2020 motion *in limine* to exclude evidence related to his solicitation and purchases on the eBay e-commerce website of new and used boy's bathing suits and briefs as well as the recovery of in excess of 200 pairs of children's sized underwear and swimming suits from Appellant's home. Appellant's motion argued that the evidence related to the purchases was irrelevant to the present charges, was improper character evidence designed to show his propensity for committing sexual assault, and that it was unduly prejudicial to him.

The trial court denied the motion in a July 17, 2020 order. The court noted that both M.K. and S.K. had reported to Corporal Gallina that Appellant had asked them if he could keep their worn underwear and that the Commonwealth anticipated that Appellant would argue that the brothers fabricated their accounts that the events took place. Order, 7/17/20, at 1-2 n.1. Therefore, the court determined that the evidence was

relevant to the veracity of the testimony of the victims. The evidence [Appellant] seeks to preclude independently corroborates the victims' testimony regarding [Appellant's] asking for and keeping the victims' underwear. The eBay activity further rebuts arguments offered by [Appellant] that the victims lied or fabricated facts surrounding [Appellant's] conduct.

*Id.* at 2 n.1.

During his testimony, Corporal Gallina discussed his review of Appellant's eBay purchase history, as provided by the company, which reflects his purchase during the relevant time period of numerous pairs of boys' swimming suits and briefs, as well as messages Appellant sent to eBay sellers requesting photographs of boys wearing the purchased swimwear or underwear, asking that they be sent unwashed, and commenting on how the garments would fit on Appellant's son and son's friends. N.T., 8/27/20, at 5-17; Commonwealth Exhibits 68, 69. Corporal Gallina confirmed during an interview with Appellant that he did not have a son and did not have children living with him at the time of the purchases. N.T., 8/27/20, at 17-18. Corporal Gallina also testified that, during a search of Appellant's house following his arrest, over 200 pairs of boy's underwear and swimming suits were recovered and that some of these items were consistent with those purchased on eBay. *Id.* at 18-21; *see also* N.T., 8/25/20, at 69, 91-95.

Appellant argues on appeal that the trial court abused its discretion in allowing the evidence related to his eBay purchases and collection of youth garments as it was not relevant to the elements of his charges related to the assault of minors. Appellant contends that the relevance of this evidence was

particularly minimal in light of the Commonwealth's forensic analysis of various of the underwear and swimming suits, which showed the presence of the DNA of Appellant and other males, but not that of M.K. or S.K. **See** N.T., 8/25/20, at 123-25.

Appellant further argues that, even if there was some relevance to the eBay purchases and the clothing found in his home, the trial court neglected to balance the evidence's probative value against its unfair prejudice. Appellant asserts that the evidence improperly injected his sexual fetishes into the trial and allowed him "to be tarred by his unusual interests in such garments." Appellant's Brief at 27. Additionally, citing Pennsylvania Rule of Evidence 404(b), Appellant contends that his "'racy' eBay communications" and underwear purchases constituted prior bad act evidence that was improperly admitted to show his propensity for committing sexual abuse of children. **See** Pa.R.E. 404(b)(1)-(2) (providing that evidence of a crime, wrong, or other act is not admissible to show that a person acted in accordance with his character on a particular occasion, but may be admitted for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident).

We conclude that the trial court did not abuse its discretion in finding Appellant's eBay purchases and communications and the discovery of hundreds of youth garments in his home to be relevant in Appellant's trial. Specifically, this evidence was relevant to the indecent assault charges against Appellant, which required proof that he engaged in indecent contact with M.K.

and S.K. "for the purpose of arousing or gratifying sexual desire in any person." 18 Pa.C.S. § 3101; *see also* 18 Pa.C.S. § 3126(a). Appellant's eBay purchases and collection of boy's underwear and swimwear, as well as the messages associated with his purchases, tended to show that his contact with the victims was for the purpose of his sexual arousal and gratification.

In addition, the eBay evidence was relevant to the sexual abuse of children charge. *See* 18 Pa.C.S. § 6312(b). Under the statutory definition of this offense, the Commonwealth may show, *inter alia*, that the defendant photographed a child engaged in a "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person." 18 Pa.C.S. § 6312(g). Appellant's collection of boy's underwear and swimwear were probative of whether the collection of photographs that he took and stored on his cell phone of S.K.—some of which depicted S.K. in the nude and some of which showed him in underwear—were connected to Appellant's or another person's sexual stimulation or gratification. *See* N.T., 8/26/20, at 113-19 (S.K.'s description of photographs Appellant took of him); N.T., 8/27/20, at 22-24 (Corporal Gallina testifying regarding discovery of photographs on Appellant's phone).

Therefore, to the extent Appellant's eBay purchases and collection of youth garments constituted an "other . . . wrong[] or act" under Rule 404(b),[3]

_____

[3] We note that there is no allegation that Appellant's acts of purchasing and collecting boys' undergarments, whether used or worn, was by itself a criminal act.

- 13 -

this evidence was permissibly introduced to prove Appellant's intent in touching and photographing his victims was for sexual arousal or gratification. *See* Pa.R.E. 404(b)(2) (listing intent as one of the permitted uses for prior bad act evidence); *Commonwealth v. Akhmedov*, 216 A.3d 307, 316 (Pa. Super. 2019) (*en banc*). Moreover, as the trial court explained, the eBay evidence corroborates the account of S.K. and M.K. that Appellant provided them with undergarments while their clothes were being washed and that Appellant asked to keep S.K.'s underwear. *See* Order, 7/17/20, at 1-2 n.1; N.T., 8/26/20, at 36-37, 87-89, 101-102. In addition, the evidence concerning Appellant's possession of numerous pairs of children's garments served to rebut the cross-examination of the brothers, which called into question whether they had invented their accounts of their interactions with Appellant.

Furthermore, we disagree with Appellant that the evidence of his eBay purchases and the recovery of numerous pairs of undergarments was more prejudicial than probative. As explained above, the evidence was necessary to prove Appellant's sexual gratification for the indecent assault and sexual abuse of children charges and also to support M.K. and S.K.'s testimony regarding their visits to Appellant's house. While the evidence cast Appellant in a negative light, this is not a basis for its exclusion. *See Danzey*, 210 A.3d at 342; *Gad*, 190 A.3d at 605. Moreover, the record reflects that the Commonwealth did not inordinately focus on Appellant's "unusual proclivities" as evidenced by his messages to eBay sellers, Appellant's Brief at 25, but

rather Corporal Gallina only briefly summarized the general content of the messages for the jury.  N.T., 8/27/20, at 17.[4]

Accordingly, we conclude that the trial court did not abuse its discretion in finding that the evidence of Appellant's eBay purchases and his collection of boys' undergarments was relevant and not unfairly prejudicial.

In his final issue, Appellant contends that the cumulative effect of the trial court's erroneous evidentiary rulings deprived him of a fair trial. Appellant explains that "even if this [C]ourt believes that the individual issues stated above escape relief because . . . each error was harmless[,] . . . [t]he amassed effect of these various trial miscues" irrevocably impacted the jury's consideration of whether Appellant was guilty of the charged crimes. Appellant's Brief at 32.[5]

In light of the fact that Appellant has not shown that the trial court abused its discretion with respect to the court's evidentiary rulings addressed

---

[4] Generally, where prior bad act evidence is admitted under Rule 404(b), a defendant is entitled to a jury instruction that the evidence is admissible for a limited purpose.  **See Commonwealth v. Ivy**, 146 A.3d 241, 251 (Pa. Super. 2016).  However, Appellant cites to no instance in the trial transcript where he sought, or where the trial court denied, a cautionary instruction regarding the eBay evidence.

[5] We note that each of the cases cited by Appellant in support of this argument relates to a claim of cumulative prejudice resulting from individual ineffective assistance of counsel claims brought in a Post Conviction Relief Act petition. **See Commonwealth v. Hutchinson**, 25 A.3d 277 (Pa. 2011); **Commonwealth v. Johnson**, 966 A.2d 523 (Pa. 2009); **Commonwealth v. Perry**, 644 A.2d 705 (Pa. 1994).  However, we need not address Appellant's lack of citation to relevant legal authority as this claim is patently meritless.

in Appellant's first two appellate issues, we need not reach his last claim that the aggregate harm arising from the trial court's determinations require that this Court vacate his convictions. Accordingly, we find no merit in Appellant's final appellate claim.

Judgment of sentence affirmed.

Judge Lazarus joins the memorandum.

Judge King did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/6/2022*